# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JOSEPH DAVID SANDERS　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
#252872

v.　　　　　　　　　　　　　　　4:20-cv-00425-LPR-JJV

JAMIE GORDIN; *et al.*　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.　　Why the record made before the Magistrate Judge is inadequate.

2.　　Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Joseph David Sanders ("Plaintiff") is confined in the Pulaski County Regional Detention Facility ("PCRDF"). He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)

### II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be

weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

Plaintiff has filed an incomprehensible Complaint alleging, among other things, that:

> Freemason NOW Qualcomm special privileges 3 jewels gold video pin-point receiver device forced on me unknowingly breaking my civilian rights of religious preference and my right to a coherent state of mind based on substances force provided for mind control manipulation degree exercises being performed on me against my will. And in return myself being human trafficked by the Free Masons Order and a lot more people including every person in jail cycled by resources of device. And action of undocumented communication during court sessions by judges to handlers of the accused and by reading and side offerings a deal outside courts are conducted like auctions on cattle sometimes. Lines of recourse in proof it [sic] designed a hyper-quadic [sic] water recreation vibrations channeling cycle system that also allows not only audio but video anywhere at anytime in all frames seen and unseen.

(Doc No. 1 at 4.)

A complaint is factually frivolous if the "claims describe fantastic or delusional scenarios" or the "facts alleged rise to the level of the irrational or the wholly incredible." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Iqbal,* 556 U.S. at  (Souter, J., dissenting) (a court does not have to accept as true "allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel"). Plaintiff's bizarre allegations fall squarely under the definition frivolous. And, he has not provided any realistic facts suggesting a state actor, or person acting under color of state law, violated his constitutional rights. 42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012); *see*

3

*Iqbal*, 556 U.S. at 678 ("labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible § 1983 claim).  Thus, he has also failed to state a plausible claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 1) be DISMISSED without prejudice as being frivolous and failing to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 18th day of May 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."